UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>BRYCE BALLS,<br><br>　　　　　　Defendant. | CASE NO. CR14-0373JLR<br><br>ORDER |

## I.　INTRODUCTION

Before the court is Defendant Bryce Balls' Federal Rule of Criminal Procedure 41(g) motion for the return of property. (Mot. (Dkt. # 33).) Mr. Balls requests that Plaintiff United States of America ("the Government") return one pair of Thermal Eye 250(D) Night Vision Goggles and one olive green tactical bag, which the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") seized during a search of his residence in 2014. (*Id.* at 1.)

//

ORDER - 1

Under controlling Ninth Circuit precedent, the court must construe Mr. Balls' Rule 41(g) motion as a civil complaint because there are no criminal charges currently pending against him. (*See* Dkt.); *United States v. Ibrahim*, 522 F.3d 1003, 1007-08 (9th Cir. 2008); *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). Accordingly, the Federal Rules of Civil Procedure apply to Mr. Balls' Rule 41(g) motion. *Ibrahim*, 522 F.3d at 1007; *Ritchie*, 342 F.3d at 907. Moreover, under the same Ninth Circuit precedent, the court must construe the Government's response to Mr. Balls' motion as a motion to dismiss Mr. Balls' civil complaint. (*See* Resp. (Dkt. # 34)); *Ibrahim*, 522 F.3d at 1007. So construed, the court DENIES the Government's motion to dismiss and ORDERS the Government to show cause why it should not return Mr. Balls' property as discussed below.

## II. BACKGROUND

This matter arises from an ATF search of Mr. Balls' residence on December 12, 2014. (Mot. at 1.) The ATF was investigating Mr. Balls for theft of firearms from Quantico Tactical, a federal firearms licensee, in Lakewood, Washington. (Resp. at 1.) During the search, the ATF recovered firearms, ammunition, firearm scopes, and other items—including a pair of night vision goggles and an olive green tactical bag. (*Id.*; Mot. at 1.) On December 18, 2014, a federal grand jury indicted Mr. Balls on one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Mot. at 2; Indictment (Dkt. # 3).) On April 23, 2015, the Government also charged Mr. Balls with one count of felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). (Mot. at 2; Felony Information (Dkt. # 22).) On April 27, 2015, Mr. Balls pleaded guilty

and was sentenced to 42 months in prison. (Mot. at 2; Plea Agreement (Dkt. # 25).)

On February 7, 2017, Mr. Balls filed a motion seeking the return of the night vision goggles and the olive green tactical bag. (*See* Mot.) The Government responded to the motion on February 17, 2017, objecting to the release of the items. (Resp. at 2.) Mr. Balls replied on March 20, 2017. (Reply (Dkt. # 35).) The court now considers Mr. Balls' motion.

### III.  ANALYSIS

The court construes Mr. Balls' motion as a civil complaint and the Government's response as a motion to dismiss. *See Ibrahim*, 522 F.3d at 1007. To survive a motion to dismiss, a complainant must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In this case, Mr. Balls alleges that the Government retains possession of one pair of Thermal Eye 250D Night Vision Goggles and one olive green tactical bag. (Mot. at 1; *see also id.* Ex. A.) Moreover, Mr. Balls alleges that those items should be returned because they are not needed for evidence. (*See generally* Mot.)

The Government does not refute Mr. Balls' allegation that it retains possession of the property at issue but objects to the release of the items. (*See* Resp. at 2.) The Government fails, however, to provide a legitimate reason for retaining the property at issue. In its response, the Government states, without citation to any evidence, that Mr. Balls must "prove he legitimately owned/possessed these items" because "most of the items recovered from [Mr. Balls'] residence were stolen and it appeared he was stealing

many items and selling them." (*Id.*)  The Government admits, though, that the "night vision googles [sic] were not taken from Quantico Tactical and due to the lack of tags it is difficult to determine the source of the bag." (*Id.*)

In its response, the Government misstates the burden of proof. (*See generally* Resp.)  Under Rule 41(g), when the property in question is "no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or . . . the government has abandoned its investigation," the Government bears the burden of proof.  *United States v. Martinson*, 809 F.2d 1364, 1369-70 (9th Cir. 1987).  In such an instance, the "person from whom the property is seized is presumed to have a right to its return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property."  *Id.*; *see also United States v. Kriesel*, 720 F.3d 1137, 1144 (9th Cir. 2013) (explaining that a "defendant's Rule 41(g) motion should presumptively be granted if the government no longer needs the property for evidence").  The Government can rebut this presumption "by proving a 'legitimate reason' for retaining the property that is 'reasonable[] under all of the circumstances.'"  *United States v. Gladding*, 775 F.3d 1149, 1152-53 (9th Cir. 2014) (quoting *Kriesel*, 720 F.3d at 1145).  Thus, the Government cannot rest on its mere allegation that the items at issue are stolen contraband.  (*See* Resp. at 2.)  Instead, the Government must come forward with evidence of a legitimate reason for retaining the property to overcome the presumption that the property is no longer needed for evidentiary purposes and should be returned.

The court thus ORDERS the Government to SHOW CAUSE within twenty (20) days as to why the night vision goggles and olive green tactical bag should not be

returned to Mr. Balls. *See United States v. Sperow*, No. 1:06-CR-126-BLW, 2017 WL 1073347, at *9 (D. Idaho Mar. 20, 2017) (The "Government shall have ten (10) days from the date of this Order to file a supplemental response . . . identifying any items . . . of Sperow's Inventory to which it asserts a continued evidentiary need."); *Santos-Pineda v. Axel*, No. CV 10-6285 MMM, 2011 WL 13103995, at *8 (C.D. Cal. July 26, 2011), *aff'd*, 621 F. App'x 407 (9th Cir. 2015) (requiring a supplemental report within ten days). Within ten days of the Government's response to the court's order to show cause, Mr. Balls may file a response to the Government's submission. Within five days of Mr. Balls' filing, if any, the Government may file a reply. The parties' initial submissions shall be limited to ten (10) pages. The Government's reply, if any, shall be limited to five (5) pages. If either party requests a hearing in its initial filing, the court will consider conducting a hearing to take any additional testimonial or other evidence that the parties could not submit with their papers or to hear the oral argument of the parties. *See United States v. Burum*, 639 F. App'x 503, 504 (9th Cir. 2016) (finding it an abuse of discretion under Rule 41(g) to not hold an evidentiary hearing when the court did not resolve "several outstanding factual disputes").

If the Government fails to demonstrate a legitimate reason for retaining the property, the court will order the Government to return the property to Mr. Balls. *See, e.g.*, *Ordonez v. United States*, 680 F.3d 1135, 1137 (9th Cir. 2012) (citing Fed. R. Crim. P. 41(g)) ("If a motion to return property is granted, 'the court must return the property to the movant.'"); *United States v. Wright*, No. 2:14-CR-357-APG-VCF, 2017 WL 811499, at *2 (D. Nev. Feb. 9, 2017), *report and recommendation adopted*, No.

2:14-CR-357-APG-VCF, 2017 WL 810280 (D. Nev. Feb. 28, 2017) (The "Government has not articulated a legitimate reason, other than unsubstantiated allegations that the money to buy the watch came from an unlawful source, why the watch should not be returned . . . . The Government should be ordered to return to Wright the Technolink watch."); *Santos-Pineda*, 2011 WL 13103995, at *9 ("As the government has failed to present any evidence or argument that these items constitute contraband or are necessary for Alonso-Prieto's case, the court grants petitioners' motion respecting these items and orders their immediate return.").

## IV. CONCLUSION

For the reasons set forth in this order, the court construes Mr. Balls' Rule 41(g) motion (Dkt. # 33) as a civil complaint and the Government's response (Dkt. # 34) as a motion to dismiss. So construed, the court DENIES the Government's motion (Dkt. # 34) and ORDERS the Government to SHOW CAUSE within twenty (20) days of the entry of this order why it should not return the property to Mr. Balls.

Dated this 8th day of May, 2017.

JAMES L. ROBART
United States District Judge